UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JODY CARR,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>JAY CHRISTENSEN, D.W. McKAY, SGT. ANDERSON, OFFICER FULLER, FRASIER, and GRIEVANCE COORDINATOR LABONTE,<br><br>　　　　　Defendants. | Case No. 1:22-cv-00396-DCN<br><br>**ORDER ON MOTION TO DISQUALIFY AND INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Complaint of Plaintiff Jody Carr, a prisoner in custody of the Idaho Department of Correction (IDOC) was conditionally filed by the Clerk of Court due to his status as a prisoner and pauper. Dkts. 3, 1. A "conditional filing" means that Plaintiff must obtain authorization from the Court to proceed. *See* 28 U.S.C. §§ 1915 & 1915A. Carr has also filed two "Motions to Disqualify Judge" in this case. The Court now reviews the filings, beginning with the disqualification motions.

### REVIEW OF MOTIONS TO DISQUALIFY

Plaintiff's original "Motion to Disqualify Judge contained vague allegations of bias and prejudice. Dkt. 5. The Court ordered Carr to provide additional explanations about the alleged bias and prejudice. Dkt 9. In response, Plaintiff filed a second document entitled "Motion to Disqualify Judges David C. Nye and B. Lynn Winmill," even though Judge

ORDER ON MOTION TO DISQUALIFY AND INITIAL REVIEW ORDER BY SCREENING JUDGE - 1

Winmill is not presiding over this case. Dkt. 10. In his second "Motion to Disqualify Judge," Carr concludes: "I will motion the Courts to dismiss you from my lawsuits and the other prisoner's suits I have assisted." Dkt. 10, p. 4 (verbatim). He has also attached to the Motion an Affidavit stating: "I humbly request this Court to withdraw 100% of my claims against Judge David C. Nye, in all of my US Court cases." Dkt. 10, p. 5 (verbatim). Accordingly, Carr's Motions to Disqualify Judge in this case (Dkts. 5, 10) will be denied as moot.

**REVIEW OF PRISONER COMPLAINT**

1. **Three Strikes Status**

To address the growing trend of frivolous civil rights actions filed by prison inmates, the Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), introduced a "three strikes" provision, which precludes a prisoner from filing lawsuits or appeals in forma pauperis if he has previously filed three other actions in federal court that were dismissed on the grounds of frivolousness, maliciousness, or failure to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(g). The only exception is that a prisoner with three strikes may be permitted to file an in forma pauperis action if he appears to be "under imminent danger of serious physical injury." *Id*. If he is not in such danger, then he must pay the $405 filing fee at the time of filing.

Carr's case history shows that, prior to the date he filed the Complaint in this action (9/9/2022), he brought three civil actions that were dismissed for failure to state a claim or frivolousness. As a result, he is subject to the three strikes rule under 28 U.S.C. § 1915(g).

Carr's cases that fit within the § 1915(g) prohibition are as follows:

ORDER ON MOTION TO DISQUALIFY AND INITIAL REVIEW ORDER BY SCREENING JUDGE - 2

- *Carr v. Lytle & Dietz*, 1:20-cv-00300-DCN, dismissed with prejudice for failure to state a claim on June 21, 2021;

- *Carr v. Cupp & Phillips*, 1:20-cv-00301-DCN, dismissed with prejudice for failure to state a claim on June 21, 2021, with judgment entered on April 19, 2022; and

- *Carr v. Page*, 1:20-cv-00302-DCN, dismissed with prejudice for failure to state a claim on June 21, 2021, with judgment entered on October 13, 2021.

2. **Review of Complaint for Imminent Danger**

In his Complaint in this action, Carr alleges that IDOC prison officials are conspiring and retaliating against him and violating his substantive due process rights by wrongfully issuing and finding him guilty of Disciplinary Offense Reports (DORs), and failing to overturn wrongful DORs in administrative appeals or investigations. Carr asserts that prison officials' actions amount to fraud upon the United States courts.

Carr outlines disciplinary and other actions that Defendants have taken against him between June 12, 2019, and July 8, 2022. Carr asserts that he has suffered physical injuries of "50 lbs of fat, high blood pressure, medical pererimptions [sic], migraines, hit with fan motor, brain and nerve damage, muscle deterioration, body aches, etc., and mental health injuries, e.g. anxiety, fear, anxiety attacks, stress headaches, I poop blood, ulcers, (BAD ONES), PTSD, depression and sleeplessness, etc." Dkt. 3, pp. 7-8 (verbatim).

Carr made similar injury claims based on nearly the same facts in a recent case, *Carr v. Tewalt, et al.*, 1:23-cv-00110-BLW ("Case 110"). In that case, to aid in a § 1915(g) three strikes exception determination, Judge Winmill required Defendants to file a Martinez

ORDER ON MOTION TO DISQUALIFY AND INITIAL REVIEW ORDER BY SCREENING JUDGE - 3

Report detailing Carr's current health and medical conditions, complete with medical records. In that case, after reviewing the Martinez Report—to which Carr did not file a response addressing the subject matter of his current health conditions set forth in the Martinez Report and medical records—Judge Winmill determined that Carr did not meet the "imminent danger" provision of § 28 U.S.C. § 1915(g), to permit him to proceed on his claims without paying the filing fee. See Dkt. 12, Order dated 09/01/2023, in Case 110.

After reviewing the Martinez Report in Case 110 and finding it reflective of Carr's current health status, the Court finds that Carr is not under imminent danger of serious bodily injury. Further, the subject matter of the Complaint in this case does not relate to any claims of imminent danger of serious bodily harm. For these reasons, Carr may not proceed in forma pauperis in this case.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motions to Disqualify (Dkts. 5, 10) are DENIED as MOOT.
2. Plaintiff's Motion for in Forma Pauperis Status (Dkt. 1) is DENIED.
3. Plaintiff shall have **10 days** after entry of this Order in which to pay the filing fee of $405 or his case will be dismissed without prejudice without further notice.

DATED: December 18, 2023

David C. Nye
Chief U.S. District Court Judge